Jiang v. Sessions

BIA
Segal, IJ
A206 059 971

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> *Circuit Judges.*

_____

FEI JIANG,
> *Petitioner,*

v.                                          17-1099
                                            NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Briena L.
                         Strippoli, Senior Litigation
                         Counsel; Jenny C. Lee, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Jiang, a native and citizen of China, seeks review of an April 7, 2017, decision of the BIA affirming a February 24, 2016, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Jiang,* No. A 206 059 971 (B.I.A. Apr. 7, 2017), *aff'g* No. A 206 059 971 (Immig. Ct. N.Y. City Feb. 24, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA's and the IJ's decisions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the adverse credibility determination under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the

2

applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Jiang was not credible.

Jiang testified that he was arrested at a church gathering in September 2011 and escaped from a gathering that was broken up by authorities in June 2012. But, as the IJ found, the November 2015 statement from Jiang's church in China stated only that Jiang participated in church activities in April 2011. The IJ reasonably relied on the inconsistency between Jiang's testimony and the letter, particularly as he testified that the priest who authored the letter was aware of Jiang's participation in 2012 and the priest was present at the 2012 raid on the church. Given

3

that Jiang's arrest and continued practice was the sole basis of his claim, this inconsistency provides substantial support for the adverse credibility determination. *Id.* at 166-67 (explaining that "an IJ may rely on *any* inconsistency or omission" and upholding reliance on omissions and inconsistencies stemming from corroborating letters); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which he sought asylum" affords "substantial evidence to support the adverse credibility finding." (internal quotations omitted)); *Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) ("Omissions that go to a heart of an applicant's claim can form the basis for an adverse credibility determination." (brackets, quotation marks, and citation omitted)); *cf. Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018) ("A trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination.").

Jiang explained that the letter did not reflect the full period of his church attendance because sometimes the priest

4

was not there, and other times, the activities and gatherings were not reported to the "sponsoring church." The IJ was not required to accept these explanations because Jiang also testified that the priest did attend the June 2012 gathering that was broken up by authorities and Jiang was unable to explain what the sponsoring church was. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). Similarly, Jiang speculated that the friend who obtained the letter for him neglected to mention to the priest that Jiang was present in June 2012. But the IJ did not have to accept that explanation because Jiang also testified that the certificate was not based solely on information that he provided to his friend. *Id.*

Jiang also argues that he did not have an opportunity to elaborate on some of his explanations. This argument is belied by the record. The IJ asked several clarifying questions, to which Jiang provided nonresponsive answers. As noted above, when asked to clarify what he meant by a

"sponsoring church," Jiang was first unresponsive, then conceded that he did not know what the sponsoring church was. Although Jiang argues that his "ignorance" regarding the sponsoring church is reasonable because underground church activities are loosely organized, he did not explain this to the IJ, who was permitted to infer that Jiang was generally unfamiliar with underground churches. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (holding that, so long as IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb that finding)*; Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding").

The IJ also reasonably relied on Jiang's failure to submit reasonably available corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that asylum applicant's failure to corroborate his testimony may bear on his credibility, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into

6

question."). The record contains little evidence that Jiang practices Catholicism: the letter from China did not confirm his practice after 2011 and Jiang's only letter regarding his practice in the United States predated his hearing by more than two years. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang*, 496 F.3d at 273. Jiang's additional evidence was untimely. The IJ was not required to credit Jiang's explanation that he forgot to bring the documents to his attorney's office: because the documents were dated April 2014, Jiang had almost two years to submit them, but failed to file them until the day of the hearing. *See Majidi*, 430 F.3d at 80.

Given the inconsistency regarding past events in China, Jiang's unresponsive testimony, and his lack of reliable corroboration, the totality of the circumstances supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Jiang's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We do not reach the alternative finding that Jiang failed to establish a well-founded fear of future persecution because the adverse

7

credibility determination is dispositive of Jiang's claims. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court